IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 5, 2026

## IN RE LAILA T.

**Appeal from the Juvenile Court for Shelby County**
**No. AA4634   Tarik B. Sugarmon, Judge**

_____

### No. W2025-01306-COA-R3-JV
_____

The mother appeals the juvenile court's decision to impose sanctions against her for failing to produce documents in response to the father's repeated discovery requests. She also challenges the amount of the award of attorney's fees. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed**

FRANK G. CLEMENT JR., C.J., delivered the opinion of the Court, in which VALERIE L. SMITH and WILLIAM E. PHILLIPS, II, JJ., joined.

Terrell L. Tooten, Memphis, Tennessee, for the appellant, DeQuita Crockett.

Megan H. Wilson, Germantown, Tennessee, for the appellee, Ben Ervin Thomas, Jr.

### OPINION

#### FACTS AND PROCEDURAL HISTORY

For almost as long as their child has been alive, the mother, DeQuita Crockett ("Mother"), and father, Ben Ervin Thomas, Jr. ("Father"), have been in litigation.[1] Although this case, and its predecessors in the Juvenile Court of Shelby County, as well as

_____

[1] As summarized in Father's appellate brief, "This appeal follows near constant litigation between the parties spanning more than eleven (11) years, five (5) courts, and two (2) states, the majority of which was initiated by or due to the actions of Mother."

other courts in Tennessee and Arkansas have a convoluted procedural history,[2] they have one common thread, the failure of Mother to comply with rules of court, discovery and court orders.

This appeal arises from a petition filed by Father on January 8, 2024, titled Emergency Petition to Modify Parenting Schedule to Require that Mother's Visitation be Supervised, for Contempt, and to Restrict Mother's Visitation and Decision Making and for other Extraordinary Relief (the "Petition"). Father alleged, inter alia, that Mother's parenting time should be restricted due to "abusive use of conflict by Mother that damaged the child's psychological development." He also alleged that Mother subjected Laila to unnecessary medical procedures without his consent, that she caused disruptions at her school during events, that she refused to return Laila in accordance with a December 31, 2023, court order, and that "she remained in contempt by failing to pay ongoing child support." Shortly thereafter, on January 8, 2024, the court entered an ex parte order requiring Mother's visitation to be supervised pending a hearing.

Then on September 10, 2024, Father filed and served upon Mother a Rule 45 subpoena duces tecum which directed Mother to produce documentation to verify her income for child support purposes, including tax returns and employment contracts. After Mother failed to respond in any manner, Father filed a motion on September 30, 2024, to compel Mother to respond to the subpoena and asked that he be awarded his reasonable attorney's fees and expenses for having to file the motion to compel discovery. Mother did not respond to the motion.

The motion to compel was heard on December 13, 2024. Although Mother did not file a written response to the motion, she and her attorney attended the hearing, as did Father and his attorney. In the order that followed, the court ordered Mother to comply with the subpoena duces tecum and ruled that Father was entitled to recover his attorney's fees and costs incurred by having to compel Mother's compliance, the amount of which was reserved. Specifically, the court ordered Mother to produce on or before January 31, 2025, all documents identified in the subpoena. The court also admonished Mother, advising her that if she failed to respond as ordered, then she may be subject to the sanctions provided in Tennessee Rule of Civil Procedure 37.02. During this same hearing, the court set a trial date of May 2, 2025, at 9:00 a.m. on Father's Petition.[3]

---

[2] For example, *see In re L.T.*, No. W2018-00931-COA-R3-JV, 2019 WL 761554 (Tenn. Ct. App. Feb. 20, 2019).

[3] An order reflecting the above rulings was entered on December 19, 2024.

On February 3, 2025, Father filed a Motion for Sanctions pursuant to Rule 37.02, alleging that Mother failed to comply with discovery as mandated by the court's December 19, 2024, order.[4] Specifically, he asked the court to grant the relief requested in his Petition, including civil contempt, by finding that Mother had the ability to pay child support but willfully refused, and that he be awarded his reasonable attorney's fees and expenses. Once again, Mother did not file a response or any opposition to the motion.

The motion came on for hearing on February 17, 2025. Father and his counsel attended the hearing; Mother did not attend, nor did her counsel. After hearing from Father's counsel, the court found that Mother failed to comply with discovery by refusing to provide the documents listed in the subpoena on or before close of business on January 31, 2025, as ordered by the court. The court also found Mother in willful civil contempt of the court's orders by failing to pay child support as previously ordered and granted Father the relief sought in his Petition as a sanction for Mother's refusal to comply with the subpoena duces tecum as ordered by the court. In addition, the court ruled that Father was entitled to recover his attorney's fees and costs incurred in prosecuting the Petition and motions to compel.

Because the court granted Father the relief sought in his petition, the trial date of May 2, 2025, was rendered moot. Thus, the court ordered the parties to appear on April 29, 2025, at 1:00 p.m. for a hearing to determine the amount of Father's reasonable attorney's fees and expenses.

In preparation for the fee hearing, Father's counsel filed with the court a statement "under penalty of perjury"[5] setting forth the services rendered and the fees requested for those services. In total, Father sought an award of attorney's fees in the amount of $22,486.50 and costs in the amount of $355.74. A copy of the statement was e-mailed on April 29, 2025, to Mother's counsel. As before, Mother did not file a response or objection of any kind in response to Father's claim for attorney's fees or costs. The order awarding Father $22,000 in attorney's fee and $355.74 in costs was entered shortly thereafter.

---

[4] Specifically, Father alleged that Mother only produced one page from each of three different tax returns and one employment contract, material parts of which were redacted including the name of the employer.

[5] Rule 72 of the Tennessee Rules of Civil Procedure provides: "Wherever these rules require or permit an affidavit or sworn declaration, an unsworn declaration made under penalty of perjury may be filed in lieu of an affidavit or sworn declaration. Such declaration must be signed and dated by the declarant and must state in substantially the following form: I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct."

Mother then timely filed a Motion to Set Aside, Alter or Amend, or Make Additional Findings of Fact. Father filed a response in opposition to the motion. A hearing was held on July 22, 2025, at which time the court heard from counsel for both parties. By order entered on July 31, 2025, Mother's motion was denied. This appeal followed.

## ISSUES

Mother contends the trial court erred by awarding Father attorney's fees and costs as a sanction for her failure to comply with Father's Subpoena Duces Tecum. She also challenges the amount of the award.

Father raises no additional issues, but he asks to be awarded the attorney's fees and costs he incurred in this appeal pursuant to Tennessee Code Annotated §36-5-103(c).

## STANDARD OF REVIEW

Appellate courts review a trial court's decision to impose sanctions and its determination of the appropriate sanction under an abuse of discretion standard. *Alexander v. Jackson Radiology Associates, P.A.*, 156 S.W.3d 11, 14 (Tenn. Ct. App. 2004) (citing *Lyle v. Exxon Corp.*, 746 S.W.2d 694, 699 (Tenn. 1988)). An abuse of discretion occurs where the trial court has applied an incorrect legal standard or where its decision is illogical or unreasoned and causes an injustice to the complaining party. *Id*. Appellate courts should allow discretionary decisions to stand even though reasonable judicial minds can differ concerning their soundness. *White v. Vanderbilt University,* 21 S.W.3d 215, 223 (Tenn.Ct.App.1999) (citing *Overstreet v. Shoney's*, *Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999)).

Generally, an award of attorney's fees is within a trial court's discretion, and such awards are reviewed under the deferential abuse of discretion standard. *Leedy v. Hickory Ridge, LLC*, 663 S.W.3d 537, 552 (Tenn. Ct. App. 2022).

## ANALYSIS

### I.   DISCOVERY SANCTIONS

Mother contends the trial court erred by awarding Father attorney fees and costs as a sanction for her failure to comply with Father's Rule 45 subpoena duces tecum because she was a party to the action, and Rule 45 subpoenas are only permitted to be served on non-party witnesses. As she states in her brief:

> In this case, as a sanction for [Mother's] alleged failure to comply with Father's subpoena, Father was awarded attorney fees. However, in this case, [Mother] was the Respondent/Defendant to Father's Petition. Therefore, [Mother] was a party to the proceedings.

She goes on to state in her brief:

> In this case, Father did not pursue Discovery under the options available to obtain Discovery [referring to Tenn. R. Civ. P. 26] and therefore, no basis existed to sanction [Mother] for not providing Discovery under Rule 45. It is clear that Rule 45 deals with subpoenas as to non-parties, and Rule 26 explicitly deals with what Discovery is allowed to the parties.

Based on this premise, Mother contends she was not required to respond to a Rule 45 subpoena duces tecum. We find no merit to this contention because after Mother failed to comply with the subpoena, Father filed a motion to compel discovery, which was granted. Specifically, the court ordered Mother to produce the documents identified in the subpoena by a certain date. In the order entered on December 19, 2024, the trial court also cautioned Mother that if she failed to produce the documents, she may be subject to sanctions pursuant to Tennessee Rule of Civil Procedure 37.02. Thus, regardless of the merit of Mother's contention that she could ignore the Rule 45 subpoena, she was required to comply with the court order to produce the documents identified in the subpoena.

However, Mother failed to comply with the court order, and a party's failure to comply with a court order is sanctionable, in the trial court's discretion, under Rule 37.02. Indeed, that is what occurred in this case. Thus, we find no error with the trial court's decision to sanction Mother for failing to comply with discovery as ordered.

## II. ATTORNEY'S FEES IN THE TRIAL COURT

Mother contends the trial court erred by awarding Father attorney's fees of $22,000.

Although Mother does not address each circumstance, it is important to note that the court ruled on three instances that Father was entitled to recover his reasonable and necessary attorney's fees and costs. The amount was reserved and not set until the conclusion of the case. The first instance in which the court ruled that Father was entitled to recover attorney's fees was in an order granting Father's motion to compel Mother to respond to discovery, entered on December 19, 2024. The second instance was also regarding a successful motion to compel, on which an order was entered on February 26, 2025.

The third instance in which the court ruled that Father was entitled to recover attorney's fees and costs was at the conclusion of the case when the court granted Father's Petition, the order for which was entered on February 26, 2025. It was immediately after the third instance that Father's counsel submitted her application for $22,486.50 in attorney's fees and $355.74 in costs.

Mother did not file an objection to the fee application in the trial court. And she did not ask for a hearing to challenge the fee application. Thus, the court took the matter under advisement, after which it awarded Father $22,000 in attorney's fees.

As we have noted before:

"[A] trial judge may fix the fees of lawyers in causes pending or which have been determined by the court, with or without expert testimony of lawyers and with or without a prima facie showing by plaintiffs of what a reasonable fee would be." *Wilson Mgmt. Co.*, 745 S.W.2d at 873; *see Kahn v. Kahn*, 756 S.W.2d 685, 696-97 (Tenn. 1988) (After hearing a matter, a trial judge may determine that he is sufficiently acquainted with the appropriate factors to award attorney's fees without hearing proof or opinions from other lawyers.). So "reversal of a fee award is not required merely because the record does not contain proof establishing the reasonableness of the fee." *Kline*, 69 S.W.3d at 210.

In circumstances . . . that authorize[s] recovery of reasonable fees "in the absence of any proof on the issue of reasonableness, **it is incumbent upon the [party challenging the fee] to pursue the correction of that error in the trial court by insisting upon a hearing upon that issue**." *Wilson Mgmt. Co.*, 745 S.W.2d at 873. Mr. and Mrs. Williams did not do that. Thus, we conclude that they cannot now challenge the court's award of fees incurred in prosecuting this action. *See* Tenn. R. App. P. 36(a).

*Lexon Ins. Co. v. Windhaven Shores, Inc*., 601 S.W.3d 332, 342–43 (Tenn. Ct. App. 2019) (emphasis added).

Mother did not file an objection to the amount of the fee application, she did not ask for a hearing to challenge the fee application, and she did not file a motion thereafter to alter or amend the award. Thus, we conclude that she may not now challenge the court's award of fees. *See id.*; *see also* Tenn. R. App. P. 36(a) ("Nothing in [Rule 36] shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.").

For completeness, we also note that Mother contends the Sworn Statement of Attorney's Fees of Megan H. Wilson, Father's attorney, was not a sworn statement because it was not notarized. We find no merit to this contention because attorney Wilson complied with Rule 72 of the Tennessee Rules of Civil Procedure, which provides:

Wherever these rules require or permit an affidavit or sworn declaration, an unsworn declaration made under penalty of perjury may be filed in lieu of an affidavit or sworn declaration. Such declaration must be signed and dated by

the declarant and must state in substantially the following form: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct."

The Sworn Statement submitted by Father's counsel states: "I, Megan H. Wilson, do declare and certify, under penalty of perjury . . . ." Thus, it complies with Rule 72.

### III.    ATTORNEY'S FEES ON APPEAL

Father seeks to recover his attorney's fees incurred in defending this appeal pursuant to Tennessee Code Annotated § 36-5-103(c).

Mother's appeal is a continuation of the proceedings upon Father's Emergency Petition to Modify Parenting Schedule to Require that Mother's Visitation be Supervised, for Contempt, and to Restrict Mother's Visitation and Decision Making and for other Extraordinary Relief. The prevailing party in an action to enforce or defend a child support obligation and to modify a parenting schedule or custody may recover his or her reasonable and necessary attorney's fees in such actions pursuant to Tennessee Code Annotated § 36-5-103(c).

Father was the prevailing party on his Petition in the trial court, and he is the prevailing party in this appeal. Thus, we remand this issue to the trial court to award Father the reasonable and necessary attorney's fees and costs he incurred in this appeal.

### IN CONCLUSION

Based on the foregoing, we affirm the juvenile court in all respects and remand to the trial court for further proceedings consistent with this opinion. The costs on appeal are assessed against the appellant, DeQuita Crockett.

_____
FRANK G. CLEMENT JR., C.J.